UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:16CV1364 JMB ) |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Stay And To Hold In Abeyance The Petition For Writ Of Habeas Corpus (ECF No. 3) as well as the Court's consideration, *sua sponte*, of its jurisdiction to consider Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1)

Petitioner has filed this application for a writ of habeas corpus arguing that his sentence is unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012), and that the rule in Miller is retroactively applicable to Jones under Montgomery v. Louisiana, 136 S. Ct. 718 (2016). (See ECF No. 1 at 9-13)

This petition, however, is successive, as Petitioner admits, because he filed an application for a writ of habeas corpus challenging his state conviction back in 1998. (See ECF No. 3 at 5-6) (conceding that Petitioner's current habeas petition is a "second petition") Petitioner has also apparently filed a request for authorization to file a second or successive habeas petition from the Eighth Circuit. (See id.; see also Jones v. Bowersox, No. 16-3373) Because Petitioner has filed a request for authorization with the Eighth Circuit, Petitioner seeks to hold his current habeas petition in abeyance until the Eighth Circuit rules upon that authorization. (ECF No. 3)

Petitioner's problem, however, is that § 2244(b) explicitly requires him to obtain the permission of the Eighth Circuit Court of Appeals *before* filing this petition in the district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The requirement that prisoners obtain authorization from the circuit court *before* filing a second or successive petition in the district court is jurisdictional. See Burton v. Stewart, 127 S. Ct. 793, 796 (2007) (per curiam). Therefore, because the petitioner has not received permission from the court of appeals, this court lacks subject matter jurisdiction over Petitioner's application, and has no discretion to stay the matter. Instead, under Fed. R. Civ. P. 12(h)(3), the Court "must dismiss the action."

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tony Jones' Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By Person In State Custody (ECF No. 1) is **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion To Stay And To Hold In Abeyance The Petition For Writ Of Habeas Corpus (ECF No. 3) is **DENIED as moot**.

Dated this 28th day of September, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE